UNITED STATES of America,
Plaintiff–Appellee,

v.

Julio Cesar FLORES, also known
as Julio Cervantes–Martinez,
Defendant–Appellant.

No. 04–51453.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Julio Cesar Flores appeals the 46–month sentence he received following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He argues that the district court committed reversible plain error by increasing the maximum authorized guidelines sentence based on facts neither admitted nor found by a jury and by imposing a sentence under a mandatory guidelines scheme. Flores correctly concedes that he cannot carry his burden of showing that the district court's error affected his substantial rights. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733–34 (5th Cir. 2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

Flores also argues that because his indictment did not allege a prior felony conviction, he was subject to a maximum sentence of only two years under U.S.C. § 1326(a). He correctly acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.